UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____X

                      :

MARY E. CHAMBERS,

                      :

           Plaintiff,

                      :

    - against -                          Civil Action No.

                      :

DISTRICT OF COLUMBIA, OFFICE OF
THE ATTORNEY GENERAL, KARL A.
RACINE, AMERICAN FEDERATION OF    :                               :
STATE, COUNTY AND MUNICIPAL       :
EMPLOYEES INTERNATIONAL UNION,      JURY TRIAL DEMAND
AL-CIO, AMERICAN FEDERATION OF    :
STATE, COUNTY AND MUNICIPAL
EMPLOYEES, AFL-CIO, DISTRICT        :
COUNCIL 20, AND AMERICAN              COMPLAINT
FEDERATION OF STATE COUNTY       :
AND MUNICIPAL EMPLOYEES,
LOCAL NO. 2401,                  :

           Defendants.        :

_____X _____

COMES NOW, Plaintiff Mary E. Chambers and brings this action against

Defendants District of Columbia, Office of the Attorney General, Karl A. Racine, American

Federation of State County and Municipal Employees International Union, AFL-CIO,

American Federation of State, County and Municipal Employees Union, AFL-CIO, District

Council 20, and American Federal of State County and Municipal Employees, AFL-CIO,

Local 2401 for  discrimination based on sex (female), age (over the age of 40 year)

disability, violation of the American Disability Act,  violation of the Family Medical Leave

Act, harassment, intimidation, retaliation and failure and refusal to represent Plaintiff Mary

E. Chambers because Plaintiff Mary E. Chambers filed charges of discrimination against

Defendants District of Columbia, Office of the Attorney General, Karl A. Racine, Office of

the Inspector General, Charles Willoughby, American Federation of State County and

Municipal Employees Union, AFL-CIO, District Council 20 and Local 2401 because they

failed and refused to represent Plaintiff Mary E. Chambers with her grievances against

Defendants District of Columbia, Office of the Attorney General, Karl A. Racine, Office of

the Inspector General, Charles Willoughby, and allowed the various unlawful employment

actions against Plaintiff Mary E. Chambers to continue, which failure and refusal to

represent was designed to discriminate and continue the discrimination, intimidation,

harassment, hostile work environment, refusal to represent and place Plaintiff Mary E.

Chambers in fear for her life.

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

and 1343. This action is authorized and instituted pursuant to Section 706 (f)(l) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, (Title VII), 42 U.S.C. §§ 2000e-5(f)(l)

and (3), Section 704 (a) of Title VII, 42 U.S.C. §2000e-3(a), and pursuant to Section 102 of

the Civil Rights Act of , 1991, 42 U.S.C. § 198la, the Americans with Disabilities Act, the

Family Medical Leave Act and the Age Discrimination in Employment Act.

2.    Plaintiff Mary E. Chambers is an African American female and a resident of

the District of Columbia, and a current employee of Defendant District of Columbia employed in

Defendant Office of the Attorney General, for which office Defendant Karl A. Racine is the

Attorney General , who manages and supervises the overall operations and responsibility for that

office.  Plaintiff Mary E. Chambers previously sought assistance from the Office of Inspector

General for which office Charles Willoughby manages and supervises and has the overall

operations and responsibility for that office to conduct investigations of mismanagement, fraud, waste and illegal misconduct.  Plaintiff Mary E. Chambers is a member of the bargaining unit consisting of employees employed in Defendant District of Columbia and Defendant Office of General Counsel and pays union dues to Defendants American Federation of State, County and Municipal Employees Union, AFL-CIO, District Council 20 and Local 2401, which have the responsibility to represent in labor-management relations matters.

3.      Defendant District of Columbia is a government or municipality with various offices and departments, including the Office of Attorney General, operated, managed and supervised by Defendant Karl A. Racine, and the Office of Inspector General operated, managed and supervised by Defendant Charles Willoughby.

4.      Defendants District of Columbia, and  the Office of the Attorney General, Karl A. Racine, have continuously had more than fifteen (15) employees.  Defendants American Federation of State, County and Municipal Employees International Union, AFL-CIO, American Federation of State, County and Municipal Employees, AFL-CIO, District Council 20 and American Federation of State, County and Municipal Employees, AFL-CIO,  Local 2401 are labor unions within the meaning of Title VII of the Civil Rights Act of 1964, as amended.

5.      Defendants District of Columbia and the Office of the Attorney General, Karl A. Racine, at all relevant times have been engaged in an industry affecting commerce under Section 701 (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (g) and (h). Defendants American Federation of State, County and Municipal Employees International Union, AFL-CIO, American Federation of State, County and Municipal Employees, AFL-CIO, District Council 20 and American Federation of State, County and Municipal

Employees, AFL-CIO, Local 2401, at all relevant times, have continuously been a labor union representing employees within a bargaining unit and have been engaged in an industry affecting commerce under Section 701 (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (g) and (h).

7.   Defendants District of Columbia, and Office of the Attorney General, Karl A. Racine, at all relevant times have been a covered entity under Section 701 (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (g) and (h).  Defendants American Federation of State County and Municipal Employees International Union, AFL-CIO, American Federation of State County and Municipal Employees, AFL-CIO, District Council 20, American Federation of State, County and Municipal Employees, AFL-CIO, Local 2401have been a covered entity  under Section 701 (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (g) and  (h).

8.   Plaintiff Mary E. Chambers and Defendants District of Columbia, Office of the Attorney General, Karl A. Racine, and Defendants American Federation of State, County and Municipal Employees International Union, AL-CIO, American Federation of State County and Municipal Employees, AFL-CIO, District Council 20, and American Federation of State County and Municipal Employees, AFL-CIO, Local 2401, are subject to the jurisdiction of this court in this matter.

9.   Plaintiff Mary E. Chambers, more than thirty (30) days prior to the institution of this lawsuit, filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) against Defendant District of Columbia, and Defendant the Office of the Attorney General alleging violations of Title VII, the American with Disabilities Act and the Family Medical Leave Act, under Charge No. 570-2014-01562.  The EEOC issued

Plaintiff Mary E. Chambers a notice of right to file a lawsuit in the United States District

Court, pursuant to EEOC Charge No. 570-2014-01562, against Defendant District of

Columbia, and Defendant Office of the Attorney General. All conditions precedent to the

institution of this lawsuit have been fulfilled.

10. Plaintiff Mary E. Chambers, more than thirty (30) days prior to the institution of this

lawsuit, filed a charge of discrimination with the EEOC against Defendants American

Federation of State County Municipal Employees, AFL-CIO, American Federation of

State, County and Municipal Employees, District Council 20 and American Federation

of State, County and Municipal Employees, AFL-CIO, Local 2041 under EEOC Charge

No. 570-2015-01400, alleging violations of Title VII, failure to provide her with a reasonable

accommodation in violation of the Americans with Disabilities Act of 1990, as amended and the

Age discrimination in Employment Act and retaliation for removing her as a Shop Steward. The

EEOC issued Plaintiff Mary E. Chambers a notice of right to file a lawsuit in the United

States District Court, pursuant to EEOC Charge No. 570-2015-01400 against Defendants

American Federation of State County Municipal Employees International Union, AFL-

CIO, American Federation of State, County and Municipal Employees, District Council

20 and American Federation of State, County and Municipal Employees, AFL-CIO,

Local 2401. All conditions precedent to the institution of this lawsuit have been fulfilled.

11. Plaintiff Mary E. Chambers also filed a charge of discrimination against

Defendants District of Columbia and the Office of the Attorney General, in 2010, EEOC

Charge No. 570-2010-01668, and Defendants District of Columbia, and Defendant

Office of the Attorney General were served with that charge of discrimination and had

actual knowledge of Plaintiff Mary E. Chambers' charge of discrimination alleging

violation of Title VII of the Civil Rights Act of 1964, as amended. Plaintiff Mary E.

Chambers decided not to file suit on EEOC Charge No. 570-2010-01668 because she

mistakenly believed that the hostile work environment, harassment, intimidation and

retaliation would cease to occur.

12.  Plaintiff Mary E. Chambers alleged in EEOC Charge No. 570-2014-01562

that Defendants District of Columbia and the Office of the Attorney General, Karl A.

Racine discriminated against her based on her sex (female), disability, creation of a hostile

work environment, harassment and intimidation, violated the Family Medical Leave Act,

violated the American with Disabilities Act and retaliated against her because she opposed

Defendant District of Columbia, Defendant Office of the Attorney, Karl A. Racine's

discriminatory employment practices of failing and refusing to properly process her request

for Family Medical Leave, and willfully failing and refusing to properly process her salary

payments in retaliation for her having filed previous charges of employment

discrimination.  Plaintiff Mary E. Chambers alleged that the hostile work environment,

harassment, intimidation and retaliation have continued.

13.  Plaintiff Mary E. Chambers is employed by Defendant District of Columbia as a

Support Enforcement in Defendant Office of the Attorney General's Child Support Services

Division.  Plaintiff Mary E. Chambers alleges that immediately after she filed charge of

discrimination No. 570-2010-01668 Defendant District of Columbia and Defendant Office of

the General Counsel,, Karl A. Racine commenced various employment actions against her

which were designed to harass, intimidate and retaliate against her, and did in fact create a

hostile work environment designed to intimidate her.  For example, Plaintiff Mary E.

Chambers alleges that beginning on February 24, 2014 and continuing to date Defendant

District of Columbia and Defendant Office of the Attorney General have willfully failed and

refused to properly process Plaintiff Mary E. Chambers' pay check by refusing to correctly

record the number of hours she was entitled to be paid for each pay period.   This failure and

refusal to properly process the number of hours have resulting in loss payments to her.   In

addition, on March 4, 2014, Plaintiff Mary E. Chambers requested Defendant District of

Columbia and Defendant Office of the Attorney General for an accommodation to be placed

on Advance Leave or Leave Without Pay because of her medical problems.  Although

Plaintiff Mary E. Chambers provided Defendants District of Columbia and Defendant Office

of the Attorney General with medical certificates from her physicians she was told by

Defendant District of Columbia and Defendant Office of the Attorney General that the request

was not submitted because the Defendant District of Columbia and Defendant Office of the

Attorney General, Karl A. Racine alleged that the note from Plaintiff Mary E. Chambers'

physicians could not be read.  Instead of contacting the doctor for clarification, Defendant

District of Columbia and Defendant Office of the Attorney General just failed and refused to

take any action on the leave request. This was willful and it caused Plaintiff Mary E.

Chambers to not receive a pay check for several pay periods.  Plaintiff Mary E. Chambers

believes that Defendant District of Columbia and Defendant Office of the Attorney General's

statement regarding being unable to read the physicians note is a pretext and subterfuge

designed to continue the hostile work environment, harassment, intimidation and retaliate

against Plaintiff Mary E. Chambers because she opposed and objected to Defendant District

of Columbia and Defendant Office of the Attorney General and Defendant Karl A. Racine

employment practices that are made unlawful under Title VIII.

    14.  Plaintiff Mary E. Chambers suffered a medical disability and has received and

continues to receive voluntary leave donations from fellow employees which would have provided her with weekly paychecks to pay her obligations, including medicine and medical supplies.  Defendant District of Columbia and Defendant Office of the Attorney General, Karl A. Racine, have willfully failed and refused to properly credit the voluntary donations to Plaintiff Mary E. Chambers' account.  The failure to credit the voluntary leave donation has resulted in a leave amount less than was donated to Plaintiff Mary E. Chambers' account and has resulted, in some instances, no leave amount being credited at all.  When Plaintiff Mary E. Chambers complained about the failure and refusal to properly credit all of the voluntary leave donations Plaintiff Mary E. Chambers was erroneously notified by Defendant District of Columbia and Defendant Office of the Attorney General that she was not involved in the Voluntary Leave Donation Program and no donation credits would be provided.   Defendant District of Columbia and Defendant Office of the Attorney General knew that the statement was totally inaccurate.  The only reasonable explanation for Defendant District of Columbia and Defendant Office of the Attorney General's erroneous allegation is that it was a pretext and a subterfuge designed to continue to harass, intimidate and otherwise place Plaintiff Mary E. Chambers in fear of her life. Plaintiff Mary E. Chambers believes that the denial of the names of the individuals who provided her voluntary leave donations and the amount of leave donated for her to verify for herself was in retaliation for her objection and opposition to Defendant District of Columbia's and Defendant Office of the Attorney General's unlawful employment practices.

15.  Plaintiff Mary E. Chambers suffered a minor stroke or a Transient Ischemic Attack on November 5, 2014 and was told by her physician that she had to remain from work on sick leave for a period of time to recover. Plaintiff Mary E. Chambers was,

however, able to perform the essential functions of her job with an accommodation but her requests for a reasonable accommodation were denied by Defendant District of Columbia and Defendant Office of the Attorney General. For example, Plaintiff Mary E. Chambers requested on August 8, 2014 to be transferred to another office setting which would have removed her from the hostile work environment in which she was experiencing but her request was denied.  Plaintiff Mary E. Chambers determined, based on reliable information Provided to her, that another employee's request to work at home was granted and that employee was permitted to work at home on audit and personnel related information at her home during which sensitive audit and personnel related documents and information were subjected to exposure. Plaintiff Mary E. Chambers again requested Defendant District of Columbia and Defendant Office of the Attorney General to work from home and that request was again denied.  Plaintiff Mary E. Chambers believes that her requests for a reasonable accommodation to work at home were denied because she objected to Defendant District of Columbia's and Defendant Office of the Attorney General's unlawful employment practices and because she filed charge of discrimination with the EEOC.

16.  Plaintiff Mary E. Chambers was a Shop Steward and a member of Defendants American Federation of State, County and Municipal Employees International Union, AFL-CIO, American Federation of State County and Municipal Employees, AFL-CIO, District Council 20, and American Federation of State, Country and Municipal Employees, AFL-CIO, Local 2401.  Plaintiff Mary E. Chambers notified Defendants American Federation of State, County and Municipal Employees International Union, AFL-CIO, American Federation of State County and Municipal Employees, AFL-CIO, District Council 20, and American Federation of State , Country and Municipal Employees, AFL-CIO, Local 2401 of Defendant District of

Columbia and Defendant Office of the Attorney General's denials of her requests for leave

audits, voluntary leave donations, Federal Medical Leave Act requests to work from home.

Defendants American Federation of State, County and Municipal Employees International

Union, AFL-CIO, American Federation of State County and Municipal Employees, AFL-CIO,

District Council 20, and American Federation of State, Country and Municipal Employees,

AFL-CIO, Local 2401 instead of representing Plaintiff Mary E. Chambers and file grievances

on her behalf,  Defendants American Federation of State, County and Municipal Employees

International Union, AFL-CIO, American Federation of State County and Municipal

Employees, AFL-CIO, District Council 20, and American Federation of State, Country and

Municipal Employees, AFL-CIO, Local 2401 President Sabrina Brown decided to remove

Plaintiff Mary E. Chambers from her position as Shop Steward . Plaintiff Mary E. Chambers

believes that her removal was willful and designed to harass, intimidate and continue with the

failure and refusal to represent her in retaliation for her having filed a charge of discrimination

against  Defendants American Federation of State, County and Municipal Employees

International Union, AFL-CIO, American Federation of State County and Municipal

Employees, AFL-CIO, District Council 20, and American Federation of State, Country and

Municipal Employees, AFL-CIO, Local 2401 President Sabrina Brown.

17.  Plaintiff  Mary E. Chambers objected to Defendant District of Columbia's and

Defendant Office of the Attorney General's refusal to transfer her to another section in the

office after her physician requested and provided a written request to the Defendant District of

Columbia to make the transfer and reported the refusals to Defendants American Federation of

State, County and Municipal Employees International Union, AFL-CIO, American Federation

of State County and Municipal Employees, AFL-CIO, District Council 20, and American

Federation of State, Country and Municipal Employees, AFL-CIO, Local 2401 President

Sabrina Brown.  Defendants American Federation of State, County and Municipal Employees

International Union, AFL-CIO, American Federation of State County and Municipal

Employees, AFL-CIO, District Council 20, and American Federation of State, Country and

Municipal Employees, AFL-CIO, Local 2401 President Sabrina Brown failed and refused to

represent Plaintiff Mary E. Chambers, although American Federation of State, County and

Municipal Employees International Union, AFL-CIO, American Federation of State County

and Municipal Employees, AFL-CIO, District Council 20, and American Federation of State,

Country and Municipal Employees, AFL-CIO, Local 2401 President Sabrina Brown have

continued to represented other employees with their grievances. Plaintiff Mary E. Chambers

believes that Defendants American Federation of State, County and Municipal Employees

International Union, AFL-CIO, American Federation of State County and Municipal

Employees, AFL-CIO, District Council 20, and American Federation of State, Country and

Municipal Employees, AFL-CIO, Local 2401 President Sabrina Brown have combined and

conspired to deprive Plaintiff Mary E. Chambers of her right to representation as a member of

the bargaining unit because she filed charges of discrimination against Defendant District of

Columbia and Defendant Office of the Attorney General and because she filed a charge of

discrimination against American Federation of State, County and Municipal Employees

International Union, AFL-CIO, American Federation of State County and Municipal

Employees, AFL-CIO, District Council 20, and American Federation of State, Country and

Municipal Employees, AFL-CIO, Local 2401 President Sabrina Brown.

18.   Plaintiff Mary E. Chamber believes based  on certain information provided  to

her that Defendant District of Columbia and Defendant Office of the Attorney General and

because she filed a charge of discrimination against Defendants American Federation of State, County and Municipal Employees International Union, AFL-CIO, American Federation of State County and Municipal Employees, AFL-CIO, District Council 20, and American Federation of State, Country and Municipal Employees, AFL-CIO, Local 2401 President Sabrina Brown have an age animus against individuals over the age of 40 years, and a disability animus over individuals with a disability.  For example, Plaintiff Mary E. Chambers filed a grievance that against Defendants American Federation of State, County and Municipal Employees International Union, AFL-CIO, American Federation of State County and Municipal Employees, AFL-CIO, District Council 20, and American Federation of State, Country and Municipal Employees, AFL-CIO, Local 2401 President Sabrina Brown used to obtain relief for various and that would have benefited Plaintiff Mary E. Chambers. Defendants American Federation of State, County and Municipal Employees International Union, AFL-CIO, American Federation of State County and Municipal Employees, AFL-CIO, District Council 20, and American Federation of State, Country and Municipal Employees, AFL-CIO, Local 2401 President Sabrina Brown, however, obtained relief for everyone but decided to exclude Plaintiff Mary E. Chambers from the relief obtained.

19.   Plaintiff Mary E. Chambers has experienced stress related illnesses as a result of the sex, age, Family Medical Leave Act discrimination, disability discrimination, the hostile work environment, humiliation, harassment, intimidation and the retaliation she has experienced. These stress related illnesses have caused Plaintiff Mary E. Chambers to experience sleeplessness, depression, an elevated blood pressure reading,  an elevated blood sugar reading, severe stress and excruciating pain and having to see a professional therapist.

20. Therefore, Plaintiff Mary E. Chambers is seeking to recover back pay, the loss

of her current and future income and payment for the pain and suffering she has experienced

from the sex discrimination, age discrimination, Family Medical Leave Act discrimination,

disability discrimination, the hostile work environment, humiliation, harassment, intimidation

and the retaliation she has experienced which have caused a deterioration of her health. Plaintiff

Mary E. Chambers is also seeking her attorney's fees and costs for having to bring this lawsuit

and to address the discriminatory employment practices at Defendants American Federation of

State, County and Municipal Employees International Union, AFL-CIO, American Federation

of State County and Municipal Employees, AFL-CIO, District Council 20, and American

Federation of State, Country and Municipal Employees, AFL-CIO, Local 2401 and at

Defendants District of Columbia and the Office of the Attorney General, Karl A. Racine,

including sex discrimination, age discrimination, Family Medical Leave Act discrimination,

disability discrimination, the hostile work environment, humiliation, harassment, intimidation

and the retaliation she has had to endure.

WHEREFORE, Plaintiff Mary E. Chambers prays that this Court:

a.    Award Plaintiff Mary E. Chambers Judgment against Defendants District of

Columbia and the Office of the Attorney General, Karl A. Racine,  including sex

discrimination, age discrimination, Family Medical Leave Act discrimination, disability

discrimination, the hostile work environment, humiliation, harassment, intimidation and the

retaliation based on sex, age, hostile work environment  violation of the Family Medical

Leave Act, Americans with Disabilities Act and retaliation  in the amount  of

$500,000;

b.    Award Plaintiff Mary E. Chambers Judgment against Defendants American

Federation of State, County and Municipal Employees International Union, AFL-CIO,

American Federation of State County and Municipal Employees, AFL-CIO, District Council

20, and American Federation of State, Country and Municipal Employees, AFL-CIO, Local

2401, including sex discrimination, age discrimination, Family Medical Leave Act

discrimination, disability discrimination, the hostile work environment, humiliation,

harassment, intimidation and the retaliation based on sex, age, hostile work environment

violation of the Family Medical  Leave Act, Americans with Disabilities Act and retaliation

in the amount of $500,000;

       c.   Award Plaintiff Mary E. Chambers the salary she has lost because of

Defendants District of Columbia's and the Office of the Attorney General, Karl A. Racine's

discrimination against her when they refused to grant her a transfer her an accommodation and

later refused to permit her to receive the voluntary leave donations;

       d.   Award Plaintiff Mary E. Chambers the salary she has lost because of Defendants

American Federation of State, County and Municipal Employees International Union, AFL-CIO,

American Federation of State County and Municipal Employees, AFL-CIO, District Council 20,

and American Federation of State, Country and Municipal Employees, AFL-CIO, Local 2401's

discrimination against her when they refused to represent her with her requests for  transfers, a

reasonable accommodation and voluntary leave donations;

       e.   Award Plaintiff Mary E. Chambers and injunctive relief against Defendant

District of Columbia, Defendant Office of the Attorney General, Karl A. Racine, for the sex

discrimination, age discrimination, Family Medical Leave Act discrimination, disability

discrimination, the hostile work environment, humiliation, harassment, intimidation and the

retaliation based on sex, age, hostile work environment, violation of the Family Medical

Leave Act, Americans with Disabilities Act and retaliation.

f.   Award Plaintiff Mary E. Chambers injunction relief against Defendants American Federation of State, County and Municipal Employees, AFL-CIO, American Federation of State, County and Municipal Employees, AFL-IO, District Council 20, American Federation of State, County, Municipal employees, AFL-CIO, Local 2401 for the sex discrimination, age discrimination, Family Medical Leave Act discrimination, disability discrimination, the hostile work environment, humiliation, harassment, intimidation and the retaliation based on sex, age, hostile work environment,  violation of the Family Medical  Leave Act, Americans with Disabilities Act, and retaliation.

g.   Award Plaintiff Mary E. Chambers her costs of this action and a reasonable attorney's  fee;

h.   Award Plaintiff Mary E. Chambers such other and further relief as this Court may deem proper, just and necessary to make Plaintiff Mary E. Chambers whole and to prevent Defendants District of Columbia, Defendant Office of the Attorney General, Karl A. Racine, Defendants American Federation of State, County and Municipal Employees, AFL-CIO, American Federation of State, County and Municipal Employees, AFL-IO, District Council 20, American Federation of State, County, Municipal employees, AFL-CIO, Local 2401 from further violations  of Title  VII, the Family Medical Leave Act, Americans with Disability Act, the Age Discrimination in Employment Act and retaliating against Plaintiff Mary E. Chambers.

<u>JURY TRIAL</u>
<u>DEMAND</u>

Plaintiff Mary E. Chambers demands a Jury Trial on all questions of facts raised by this complaint.

AFFIDAVIT

I hereby swear and affirm that the foregoing is true and correct to the best of

my knowledge and belief.


Dated: September 7, 2015

                              /s/ Mary E. Chambers.
                              Plaintiff  Mary E. Chambers



Dated:  September 7, 2015

                              Respectfully submitted,

                              LAW OFFICES OF JOHNNIE LOUIS
                              JOHNSON III LLC,

                              By:  Isl Johnnie Louis Johnson III
                                  Johnnie Louis Johnson III (DC Bar No. 235614)
                              Attorney for Plaintiff Mary E. Chambers 11644
                              Mediterranean Court
                              Second Level
                              Reston, Virginia  20190-3401
                              703.471.0848 (Voice)
                              704.471.0478 (Facsimile)
                              jljmed@aol.com (Electronic Mail)
                              johnnie@jl johnson3law .com (Electronic Mail)


ec(mec-agains-dcogc,, etal.) - 09/07/2015